IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-041 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS,
DENY MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, and
SANCTION PETITIONER R. WAYNE JOHNSON**

Before the Court is petitioner R. Wayne Johnson's form Petition for a Writ of Habeas Corpus by a Person in State Custody. Also before the Court is petitioner's motion to proceed *in forma pauperis* (ifp) together with a data sheet indicating petitioner held a balance of $3.10 immediately before he filed his motion. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief be DISMISSED. The Court additionally recommends that petitioner's motion to proceed ifp be DENIED and that petitioner be sanctioned.

I.
THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE DISMISSED

*A. Petitioner's Allegations*

Petitioner Johnson is presently incarcerated at the Clements Unit pursuant to a 1978 conviction for aggravated rape and the resulting ninety-nine year sentence. By his habeas corpus petition,

Johnson does not challenge his aggravated rape conviction or any specific disciplinary hearing. Rather, by his amended petition, Johnson appears to allege:

1. The poor conditions of administrative segregation violate petitioner's right to due process and right against cruel and unusual punishment.

2. The Texas Department of Criminal Justice's (TDCJ's) policy of handcuffing a prisoner in administrative segregation every time he leaves his cell violates petitioner's right to be free from bodily restraints.

3. TDCJ officials have subjected petitioner to retaliatory cell searches.

4. The delivery of mail out of the TDCJ mail room is not timely.[1]

### B. Petitioner Fails to Raise any Cognizable Claim

This Court may grant habeas corpus relief only when a petitioner shows he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is the appropriate remedy only when a petitioner is challenging his confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.E.2d 439 (1973)). "The core issue in determining whether a prisoner must pursue [§ 2254] habeas corpus relief rather than a [§ 42 U.S.C. § 1983] civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, or procedures affecting 'conditions' of confinement." *Id.* (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "If a 'favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997) (internal citations omitted).

---

[1] In his original petition, Johnson additionally claimed his property was stolen for filing legal actions and that his chemical castration was unconstitutional. Because he did not raise these claims in his amended petition those claims are considered waived.

Petitioner Johnson is not challenging the fact of his confinement. Instead, he is challenging several of the conditions he faces in confinement. If the Court were to order TDCJ to release petitioner from administrative segregation, stop handcuffing him, stop searching his cell, and take whatever measures are necessary to ensure petitioner's mail was timely delivered, petitioner would still remain incarcerated in the TDCJ system as a result of his conviction. Because a favorable determination would not automatically entitle petitioner to accelerated release, petitioner's claims are proper only in a § 1983 complaint. *See id.*

Petitioner Johnson appears to argue that because he seeks release from administrative segregation and release from respondent's cuffing policy, a habeas corpus petition is appropriate. ("Response to Court Order to Show Cause," filed Apr. 24, 2010, pgs. 3-4). In *Preiser*, the Supreme Court, in dicta, stated, "when a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." 411 U.S. at 499, 93 S.Ct. at 1841. Not long after the 1973 *Preiser* decision, the Fifth Circuit determined it was "proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus." *Krist v. Ricketts*, 504 F.2d 887, 888 (5th Cir. 1974).

Two decades later, however, the Fifth Circuit adopted the above-discussed bright line test that if a favorable determination would not accelerate a prisoner's ultimate release from *confinement*, the prisoner should bring his claims in a § 1983 suit. *Carson*, 112 F.3d at 820-821. In *Carson*, a prisoner brought a habeas corpus petition challenging his confinement to administrative segregation. *Id.* at 819. The district court held the complaint was properly characterized as a civil rights suit under § 1983 and dismissed the case. *Id.* The Fifth Circuit affirmed the district court's determination, holding that because a favorable determination would not automatically entitle Carson to accelerated release, the

suit was properly characterized as a § 1983 claim. *Id.* at 821.

Petitioner contends the Court should not apply the *Carson* decision because that decision was incorrect. Petitioner's argument in this regard is without merit. First, *Carson* conforms to the bright line rule adopted by the Fifth Circuit in *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Second, *Carson* is binding precedent established by the Fifth Circuit. This Court is bound to follow *Carson* until it is overruled by the Fifth Circuit or the Supreme Court. *See United States v. Short*, 181 F.3d 620, 623-24 (5th Cir. 1999). Under *Carson*, petitioner's claims should have been brought in a § 1983 complaint. Because they were not, the habeas corpus petition should be dismissed.

### C. Petitioner's History with These Claims

The Court suspects the above conclusion will come as no surprise to petitioner Johnson, as he has attempted to raise these issues in § 2254 habeas corpus petitions before this Court and other courts and has been told such claims are only appropriate in a § 1983 complaint. *See Johnson v. Quarterman*, Northern District of Texas, cause # 2:06-CV-307, dismissed in part and denied in part Apr. 23, 2007, appeal to 5th Cir., cause # 07-10233, Certificate of Appealability denied Dec. 11, 2007; *Johnson v. Dretke*, Western District of Texas, cause # 7:04-CV-154, dismissed in part and denied in part Nov. 9, 2006, appeal to 5th Cir., cause # 06-51693, Certificate of Appealability denied Sept. 12, 2007.

Petitioner has, in fact, presented these claims in at least one § 1983 complaint before. In July 2009, petitioner initiated a civil rights complaint stating "Admin-SEG conditions - unconstitutional - 8th, 14th Amend"; "AD03.50 - Ad-Seg Plan requires a 'cuff-RULE' anytime one leave the cell, he is handcuffed. Every 12 hrs - cell searches - for medical - VISITS, - That is prohibited." *See Johnson v. Sloan et al.*, filed July 21, 2009, Northern District of Texas, cause # 2:09-CV-169, "Complaint with Jury Demand," doc. #1, pgs. 10-11, dismissed for failure to state a claim on which relief can be granted

October 26, 2009 (sic throughout). Petitioner additionally complained of retaliatory cell searches and of mail room staff destroying his outgoing mail. *Id.*, pgs. 13, 15.

In sum, petitioner has presented issues similar to the ones he presents in the instant petition in previous habeas corpus petitions. He was told those issues were appropriate only in a civil rights suit. He, in fact, did raise those issues in at least one civil rights suit. He now attempts to raise these issues, once again, in a habeas corpus petition. The result remains the same. These issues are not cognizable on habeas corpus, and the petition should be dismissed.[2]

## II.
## PETITIONER'S CONTINUED ABUSE OF COURT PROCESSES WARRANTS THE IMPOSITION OF SANCTIONS

Petitioner has filed several habeas corpus petitions and civil rights complaints. He is a three striker for 28 U.S.C. § 1915(g) purposes. This has not deterred petitioner. He continues to file civil rights complaints (sometimes paying the filing fees) and habeas corpus petitions. Below is a summary of Johnson's lengthy litigation history involving civil rights and habeas corpus claims. This list does not include class action suits in which petitioner was a class member or other non-habeas or non-civil rights suits.

*Johnson v. Lynaugh*, filed June 5, 1989, Eastern District of Texas, cause # 6:89-CV-350, disposed of June 14, 1989 (42 U.S.C. § 1983 claim).

*Johnson v. Collins*, filed Jan. 10, 1995, Southern District of Texas, cause # 4:95-CV-64, dismissed May 23, 1995 (§ 1983).

---

[2] Even without the *Carson*, 122 F.3d at 820-21, decision, the petition likely would not be successful. First, petitioner never indicates that he has properly taken any action to exhaust his claims within the TDCJ grievance system prior to filing the instant petition, which is a basic procedural hurdle in all § 2254 cases. *See* 28 U.S.C. § 2254(b). Second, petitioner has failed to demonstrate any violation of a constitutional right. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (establishing "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest"); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that handcuffing a prisoner does not create a viable due process claim); *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989) (holding handcuffing a prisoner does not violate the Eighth Amendment).

*Johnson v. Vance*, filed Jan. 10, 1995, Southern District of Texas, cause # 4:95-CV-68, dismissed Aug. 27, 1995 (§ 1983).

*Johnson v. Richardson*, filed Jan. 23, 1995, Southern District of Texas, cause # 3:95-CV-39, dismissed Aug. 6, 1995 (§ 1983).

*Johnson v. McElvaney*, filed Aug. 12, 1996, Southern District of Texas, cause # 3:96-CV-446, dismissed Aug. 24, 1996 (§ 1983).

*Johnson v. Bacarisse*, filed Feb. 4, 2002, Southern District of Texas, cause # 4:02-CV-393, dismissed May 14, 2002 on plaintiff's motion after being assessed filing fee (§ 1983).

*Johnson v. Whatley*, filed Mar. 15, 2002, Southern District of Texas, cause # 2:02-CV-107, dismissed Aug. 5, 2002, appeal to 5th Cir. # 02-40760, dismissed Dec. 30, 2002 (§ 1983).

*Johnson v. Davis*, filed Apr. 1, 2002, Southern District of Texas, cause # 2:02-CV-135, dismissed on plaintiff's motion July 22, 2002 (§ 1983).

*Johnson v. Davis*, filed May 3, 2002, Southern District of Texas, cause # 2:02-CV-199, dismissed Sept. 25, 2003 (§ 1983).

*Johnson v. Cockrell*, filed Sept. 18, 2002, Southern District of Texas, cause # 2:02-CV-409, dismissed Oct. 31, 2003 (§ 1983).

*Johnson v. Eldred*, filed Sept. 30, 2002, Southern District of Texas, cause # 2:02-CV-426, dismissed on plaintiff's motion after being assessed filing fees Nov. 14, 2002 (§ 1983).

*Johnson v. Tepper*, filed Oct. 9, 2002, Western District of Texas, cause # 1:02-CV-656, dismissed Oct. 11, 2002, appeal to 5th Cir. # 02-51232, dismissed Mar. 31, 2003, writ of cert. denied Oct. 6, 2003 (§ 1983).

*Johnson v. McCaul*, filed Jan. 9, 2003, Southern District of Texas, cause # 2:03-CV-13, dismissed Apr. 15, 2003 (§ 1983).

*Johnson v. Cockrell*, filed Feb. 10, 2003, Southern District of Texas, cause # 2:03-CV-51, dismissed Apr. 16, 2003 (petition under 28 U.S.C. § 2254).

*Johnson v. Univ. of Tex. Medical Branch*, filed Feb. 11, 2003, Southern District of Texas, cause # 2:03-CV-56, dismissed July 28, 2003 (§ 1983).

*Johnson v. Cockrell*, filed March 3, 2003, Southern District of Texas, cause # 2:03-CV-80, dismissed for lack of jurisdiction Apr. 21, 2003 (§ 2254).

*Johnson v. Cockrell*, filed Apr. 14, 2003, Northern District of Texas, cause # 5:03-CV-82, dismissed May 22, 2003 (§ 1983).

*Johnson v. Ruiz*, filed Apr. 21, 2003, Southern District of Texas, cause # 4:03-CV-1310, dismissed Apr. 24, 2003 (§ 1983).

*Johnson v. Cockrell*, filed June 25, 2003, Northern District of Texas, cause # 2:03-CV-170, dismissed Nov. 17, 2003 (§ 1983).

*Johnson v. Dretke*, filed Oct. 23, 2003, Northern District of Texas, cause # 2:03-CV-361, dismissed Apr. 8, 2005, appeal to 5th Cir. # 05-10643, request for Certificate of Appealability denied Mar. 3, 2006 (mandamus to the 5th Cir. # 04-10671, administratively closed Aug. 5, 2004) (§ 2254).

*Johnson v. Nunn*, filed Apr. 22, 2004, Northern District of Texas, cause # 2:04-CV-101, dismissed on plaintiff's motion Aug. 27, 2004 (§ 1983).

*Johnson v. Crain*, filed Aug. 18, 2004, Northern District of Texas, cause # 3:04-CV-1810, dismissed June 23, 2005 (§ 1983).

*Johnson v. Texas*, filed Sept. 1, 2004, Northern District of Texas, cause # 2:04-CV-237, dismissed Aug. 11, 2005, appeal to 5th Cir. # 05-11161, dismissed Jan. 19, 2006 (§ 2254).

*Johnson v. Dretke*, filed Sept. 23, 2004, Western District of Texas, cause # 7:04-CV-129, dismissed May 9, 2005 (mandamus to 5th Cir. # 05-50283, dismissed as moot May 16, 2005) (§ 2254).

*Johnson v. Dretke*, filed Nov. 29, 2004, Western District of Texas, cause # 7:04-CV-154, denied Nov. 9, 2006, on appeal to 5th Cir. # 06-51693, Certificate of Appealability denied Sept. 12, 2007 (mandamus to 5th Cir. # 05-50737, administratively closed June 10, 2005) (§ 2254).

*Johnson v. Moran*, filed Jan. 3, 2005, Northern District of Texas, cause # 4:05-CV-3, dismissed Feb. 8, 2005 (§ 1983).

*Johnson v. Owens*, filed Jan. 20, 2005, Western District of Texas, cause # 7:05-CV-11, dismissed May 1, 2005 (§ 1983).

*Johnson v. Dretke*, filed Apr. 22, 2005, Southern District of Texas, cause # 4:05-CV-1433, dismissed Apr. 26, 2005 (§ 1983).

*Johnson v. Kennedy*, filed May 3, 2005, Southern District of Texas, cause # 2:05-CV-228, dismissed Feb. 19, 2006 (mandamus to 5th Cir. # 05-41376, dismissed Dec. 20, 2006) (§ 1983).

*Johnson v. Texas Bd. of Pardons and Paroles*, filed July 5, 2005, Western District of Texas, cause # 1:05-CV-518, dismissed Aug. 30, 2005, appeal to 5th Cir. # 05-51454, dismissed Nov. 28, 2005 (§ 1983).

*Johnson v. Clarke*, filed Aug. 4, 2005, Central District of California, cause # 2:05-CV-5693, on Oct. 12, 2005 the district court ordered payment of filing fees because, *inter alia*, the case was "[l]egally and/or patently frivolous," order was appealed, on appeal before the 9th Cir. # 05-56740, 9th Cir. ordered payment of filing fees, dismissed for failure to pay filing fees Feb. 1, 2006 (§ 1983).

*Johnson v. Dretke*, filed Jan. 5, 2006, Western District of Texas, cause # 7:06-CV-2, dismissed Oct. 16, 2006 (§ 2254).

*Johnson v. Matkin*, filed Feb. 6, 2006, Western District of Texas, cause # 6:06-CV-35, dismissed Mar. 24, 2006, appeal to 5th Cir. # 06-50364, dismissed May 26, 2006 (§ 1983).

*Johnson v. Dretke*, filed Feb. 7, 2006, Northern District of Texas, cause # 2:06-CV-29, dismissed Feb. 28, 2006, appeal before the 5th Cir. # 06-10371, dismissed July 31, 2006 (§ 2254).

*Johnson v. Quarterman*, filed July 26, 2006, Northern District of Texas, cause # 2:06-CV-193, dismissed Sept. 5, 2006 (§ 2254).

*Johnson v. Ramos*, filed Aug. 28, 2006, Eastern District of Texas, cause # 1:06-CV-516, dismissed Sept. 13, 2006 (§ 1983).

*Johnson v. Rosenthal*, filed Oct. 27, 2006, Southern District of Texas, cause # 4:06-CV-3404, dismissed Apr. 6, 2007, appeal to 5th Cir., # 07-20369, dismissed July 25, 2007 (mandamus to 5th Cir. # 02-21318, dismissed upon petitioner's request Jan. 7, 2003) (§ 1983).

*Johnson v. Quarterman*, filed Nov. 17, 2006, Northern District of Texas, cause # 2:06-CV-307, dismissed in part and denied in part Apr. 23, 2007, appeal to 5th Cir. # 07-10233, # 07-10632, Certificate of Appealability denied Dec. 11, 2007 (§ 2254).

*Johnson v. Quarterman*, filed Nov. 30, 2006, Western District of Texas, cause # 7:06-CV-144, dismissed upon transfer Dec. 18, 2006 (§ 2254).

*Johnson v. Quarterman*, filed Dec. 20, 2006, Northern District of Texas, cause # 2:06-CV-359, dismissed on petitioner's motion Feb. 7, 2007 (§ 2254).

*Johnson v. Quarterman*, filed Mar. 26, 2007, Northern District of Texas, cause # 2:07-CV-65, denied Apr. 23, 2007, appealed to 5th Cir. # 07-10599, Certificate of Appealability denied Apr. 15, 2008 (§ 2254).

*Johnson v. Quarterman*, filed Mar. 26, 2007, Western District of Texas, cause # 7:07-CV-25, dismissed upon transfer Apr. 4, 2007 (§ 2254).

*Johnson v. DeSheilds*, filed Sept. 11, 2007, Western District of Texas, cause # 3:07-CV-308, dismissed Feb. 14, 2008 (§ 1983).

*Johnson v. Texas Bd. of Criminal Justice*, filed Dec. 26, 2007, Western District of Texas, cause # 1:07-CV-1045, dismissed Jan. 8, 2008 (§ 1983).

*Johnson v. Quarterman*, filed Feb. 4, 2008, Northern District of Texas, cause # 2:08-CV-14, denied Oct. 3, 2008 (§ 2254).

*Johnson v. Quarterman*, filed Feb. 25, 2008, Northern District of Texas, cause # 2:08-CV-33,

dismissed on plaintiff's motion Apr. 3, 2008 (§ 1983).

*Johnson v. Turner*, filed Sept. 15, 2008, Northern District of California, cause # 4:08-CV-4319, dismissed upon transfer Nov. 24, 2008 (mandamus to 9th Cir. # 09-70270, denied Apr. 29, 2009) (§ 1983).

*Johnson v. Turner*, filed Dec. 4, 2008, Southern District of Texas, cause # 4:08-CV-3563, dismissed upon transfer Dec. 15, 2008 (§ 1983).

*Johnson v. Williams*, filed Apr. 16, 2009, Western District of Texas, cause # 7:09-CV-39, dismissed Aug. 5, 2011 (§ 2254).

*Johnson v. Williams*, filed May 15, 2009, Northern District of Texas, cause # 2:09-CV-138, dismissed July 9, 2009 (§ 1983).

*Johnson v. County Music Media Gp.*, filed May 26, 2009, Middle District of Tennessee, cause # 3:09-CV-931, ifp status denied based on Johnson's status as a three striker under 28 U.S.C. § 1915(g), dismissed Oct. 5, 2009 (§ 1983).

*Johnson v. Gruntmeir*, filed July 6, 2009, Eastern District of Oklahoma, cause # 6:09-CV-256, dismissed as frivolous under 28 U.S.C. § 1915 and sanctions threatened, Sept. 23, 2009, appeal to 10th Cir. # 09-7098, filing fees assessed under 28 U.S.C. § 1915(g), dismissed Apr. 30, 2010 for failure to prosecute (§ 1983).

*Johnson v. Williams*, filed July 13, 2009, Western District of Texas, cause # 7:09-CV-78, remanded upon appeal to 5th Cir. # 09-50744, transferred to Northern District of Texas upon remand, cause # 2:10-CV-159, dismissed upon petitioner's motion on July 30, 2010 (§ 2254).

*Johnson v. Sloan*, filed July 21, 2009, Northern District of Texas, cause # 2:09-CV-169, dismissed Oct. 26, 2009, appeal to 5th Cir. # 09-11156, dismissed Jan. 13, 2010 (§ 1983).

*Johnson v. Kennedy*, filed Aug. 19, 2009, Southern District of Texas, cause # 2:09-CV-210, dismissed Nov. 24, 2009 (§ 1983).

*Johnson v. Bryant*, filed Oct. 28, 2009, Northern District of Texas, cause # 2:09-CV-269, dismissed Dec. 18, 2009 (§ 1983).

*Johnson v. Thaler*, filed Jan. 8, 2010, Northern District of Texas, cause # 2:10-CV-6, dismissed and sanctioned Apr. 6, 2011 (§ 2254), appeal to 5th Cir. # 11-10468, Certificate of Appealability denied Dec. 30, 2011.

*Johnson v. Sloan*, filed Feb. 4, 2010, Northern District of Texas, cause # 2:10-CV-30, dismissed Mar. 2, 2010 (§ 1983).

*Johnson v. Thaler*, filed Feb. 12, 2010, Northern District of Texas, cause # 2:10-CV-41, pending (§ 2254).

*Johnson v. Ellis*, filed Apr. 9, 2010, Western District of Missouri, cause # 3:10-CV-5015-RED, dismissed Apr. 26, 2010 (§ 1983).

*Johnson v. Thaler*, filed June 3, 2010, Northern District of Texas, cause # 2:10-CV-127, dismissed Aug. 8, 2011 (§ 2254), appeal to 5th Cir. # 11-10891, Certificate of Appealability denied Feb. 6, 2012.

*Johnson v. Five Unknown Agents*, filed Jan. 13, 2011, Northern District of Texas, cause # 2:11-CV-39, dismissed without prejudice to refiling with prepayment of filing fee Nov. 22, 2011.

In sum, petitioner has filed at least sixty civil rights suits and habeas corpus petitions, combined, the vast majority of which have been either dismissed or denied.

Undoubtedly, the right to file suit in federal court is an important right that should not lightly be limited. On the other hand, "[n]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 822 (5th Cir. 1975). The Fifth Circuit has noted, "[l]ike every other pastime, recreational litigation has its price; . . . sanctions . . . are imposed for the very purpose of causing the would-be pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation." *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990). Even *pro se* litigants, who are given considerable latitude, do not have the right to abuse the court system by repeatedly filing frivolous claims and motions. *Myers v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). When it becomes clear that a litigant is a major consumer of court time who continually wastes judicial resources, sanctions are an appropriate remedy. *Id.*

Petitioner is clearly an experienced *pro se* litigator who has repeatedly abused the judicial system by filing complaints that have no merit. Like the habeas corpus petitioner in *Mayfield*, petitioner Johnson "has consumed his portion of the court's patience and then some . . . His wasting of increasingly scarce judicial resources must be brought to an end." *Id.*

Petitioner's pattern of filing frivolous suits has been noted at a minimum by this Court, which has already issued one sanction against him, the Eastern District of Oklahoma, the Middle District of

Tennessee, the Fifth Circuit, and the Tenth Circuit. He has apparently been declared a vexatious litigant in the State of Texas and is barred from filing suit in state court unless he first obtains the permission of a local Administrative Judge. *See Johnson v. Whatley*, cause # 2:02-CV-107, "Order of Dismissal," filed Apr. 5, 2002, doc. 4, pgs. 1-2 (S.D. Tex.). Petitioner's history of filing meritless suits, and wasting this Court's judicial resources, is indisputable. Warnings do not deter him, the limitations of § 1915(g) do not deter him, and he now appears to be filing habeas corpus petitions raising civil rights claims in an effort to avoid the limitations of § 1915(g).

Given this history, the undersigned recommends petitioner's motion to proceed *in forma pauperis* be DENIED and petitioner R. WAYNE JOHNSON be SANCTIONED. Petitioner should be prohibited from filing any civil action, including habeas corpus actions, in this Court unless he has obtained leave of the Court through a proper motion for leave to file such new lawsuit or petition. This motion must be accompanied by copies of answered Step One and Step Two grievances showing that each claim which Johnson seeks to present has been exhausted through the TDCJ administrative grievance procedure. The motion for leave to file should be independent of any habeas corpus petition or civil rights complaint and must explain why the new lawsuit or petition is not frivolous and show good cause for the Court to accept and file it.

Any habeas corpus petition or civil rights complaint not accompanied by a motion for leave to file meeting the above-detailed requirements may be returned to Johnson unfiled or filed and then dismissed for failure to seek leave, at the option of the Court. "Filing" shall include civil actions received via transfer or removal. If the Court fails to grant Johnson's leave to file within ten days, the motion should be considered by the Clerk denied, and the Clerk should immediately close the case.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the application for a writ of habeas corpus filed by petitioner R.WAYNE JOHNSON be DISMISSED, petitioner's Motion to Proceed *In Forma Pauperis* be DENIED, and petitioner be SANCTIONED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of February, 2012.

　　　　　　　　　　　　　　　　　　／s／ Clinton E. Averitte
　　　　　　　　　　　　　　　　　　CLINTON E. AVERITTE
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).